RAYNOR v. TROLAN et al.

(Supreme Court, Appellate Division, First Department. November 19, 1897.)

INJURY TO EMPLOYE—QUESTION FOR JURY.

Plaintiff was employed as a laborer by defendant C., a contractor, who sent him down into a deep excavation to shovel dirt into a cart. While plaintiff was there, according to his own testimony, C. stood at the top, and prodded the earth to loosen it, and, almost almost simultaneously with a warning from him, plaintiff was covered by a mass of falling dirt, and injured. The judge dismissed the complaint. Held, that the case should have been submitted to the jury.

Appeal from trial term.

Action by Joseph Raynor against Dennis Trolan and James Cunningham. From a judgment and an order denying a motion for a new trial, plaintiff appeals. Affirmed as to one defendant and reversed as to the other.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

G. D. Lamb, for appellant.
A. H. Hummel, for respondents.

VAN BRUNT, P. J. This action was brought to recover damages for personal injuries. The defendant Cunningham had a contract for making a certain excavation on the south side of Twenty-Second street, between Tenth and Eleventh avenues, in the city of New York. About a week preceding June 4, 1894, the plaintiff was employed by the defendant Cunningham to assist in making said excavation, and was at work, for a week preceding the acci-

dent, in bracing up the ditches made in connection with this work. The excavation had been begun about 20 feet from the sidewalk of Twenty-Second street, and had extended on said 4th of June about 20 feet back, and was 20 or 30 feet wide. At the point where the accident happened it seems to have been 10 feet deep. On that day the plaintiff finished the work of bracing up the ditches on which he had been engaged, and in the afternoon he came to the defendant Cunningham, and told him that he was through, and Cunningham thereupon ordered him to go down into the excavation, and load a cart. There was a cart in the excavation, backed up to a lot of loose dirt, and the plaintiff thereupon began to shovel this dirt into the cart, as he had been directed by the defendant Cunningham. While he was shoveling, the defendant Cunningham was standing upon the top of the bank, with a crowbar, and was prodding the bank for the purpose of loosening the earth, and, just as the earth was about to fall, he cried, "Look out!" At that moment the plaintiff, as he states, was covered by a mass of dirt which fell in; and this action was brought to recover damages for the injury sustained. There was evidence in the case that the defendant Trolan was engaged about the work, that he sometimes paid the men, and that he had some supervision over the work; but there was nothing which connected him in business with the defendant Cunningham so as to make him responsible for the defendant Cunningham's acts. The complaint was dismissed as to both defendants.

This, we think, was error. Although there was no evidence connecting Trolan with the accident, yet still there was a question for the jury as to the negligence of the defendant Cunningham, and as to the contributory negligence of the plaintiff. According to the plaintiff's story, the defendant Cunningham, without giving any adequate warning, caused this bank of earth to fall by prodding it from above, while the plaintiff was in a place where he was liable to be injured by its fall. The testimony of the plaintiff is that at the moment he heard the words "Look out!" he was covered by the earth, and therefore had no time to escape the impending danger. It seems to us that the defendant Cunningham owed the duty to the plaintiff, employed as he was in shoveling this dirt into the cart, of giving him adequate notice of any intended change in the situation; and that the prying down of this earth upon him without such notice was negligence upon the part of the defendant Cunningham.

In considering the question of the propriety of the ruling made upon the trial dismissing the complaint, we must, of course, adopt that version of the testimony which is most favorable to the plaintiff. Applying this rule to the foregoing facts, it would seem that it was error in the court to take the question of the negligence of the defendant Cunningham from the jury, and so much of the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

As to the defendant Trolan, the judgment should be affirmed, with costs. All concur.